IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ERNIE JOE FIELDS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. CIV-05-66-R |
| | ) |
| **DEPARTMENT OF CORRECTIONS,** | ) |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## O R D E R

This matter is before the Court for review of the Plaintiff's objection to the Report and Recommendation entered by United States Magistrate Judge Doyle W. Argo (Document No. 14). Also before the Court are the Plaintiff's motion requesting a "Special Reconduction" of his Title 42 U. S. C. § 1983 complaint (Document No. 12); the Plaintiff's Motion to Supplement the Record (Document No. 13); the Plaintiff's Motion to Stay Writ of Habeas Corpus (Document No. 17); and Motion to Supplement the Record with Defendants (Document No. 20).

The Plaintiff, a state prisoner appearing pro se, brings this suit under Title 42 U. S. C. § 1983 against the Oklahoma Department of Corrections and various state corrections officials alleging a violation of his constitutional rights. The Complaint seeks damages and declaratory relief for the alleged violation of the Plaintiff's constitutional rights arising from his continued incarceration at the Lawton Correctional Facility.[1] The Magistrate Judge recommended that the Complaint be dismissed without prejudice for failure to state a claim.

---

[1]The Plaintiff alleges that he has now been transferred to the Oklahoma State Penitentiary in McAlester, Oklahoma.

The Plaintiff's current incarceration arises out of his conviction upon a plea of nolo contendere to the crimes of kidnaping, rape, unlawfully pointing a weapon, and sodomy on January 24, 1992. (District Court of Tulsa County, Oklahoma, Case Number CF-91-3546). The Plaintiff was sentenced to ten years' incarceration on the kidnaping, weapon and sodomy charges, and to twelve years' incarceration for the charge of rape. All of the Plaintiff's sentences were suspended, and were to run concurrently. On February 3, 1995, the Plaintiff confessed an application by the state to revoke his suspended sentences. The Plaintiff was remanded to the custody of the Oklahoma Department of Corrections for three years on each count, to run concurrently, with the remainder of the sentences suspended. According to the Magistrate Judge, the Plaintiff served those three years without incident. On October 1, 1997, the Plaintiff pled guilty in a new proceeding to a single charge of placing bodily fluids on a police officer. (District Court of Tulsa County, Oklahoma, Case Number CF-97-926). The Plaintiff was sentenced to two years' incarceration, with the sentence suspended.

The state subsequently moved to revoke the Plaintiff's suspended sentences in both cases. At a hearing held on March 23, 1999, the Plaintiff was found guilty of violating the rules and conditions of his probation. On March 25, 1999, the Plaintiff was sentenced to serve the remainder of his original sentences in Case Number CF-91-3546, i.e., nine years for rape and seven years for the other counts, and the full two-year sentence in Case Number CF-97-926, with the sentences for all counts to run concurrently. The Plaintiff has discharged his sentence in Case Number CF-97-926, and remains incarcerated on his sentences in Case Number CF-91-3546.

As the Magistrate Judge explained, when a prisoner seeks damages in a Section 1983 proceeding, the Court must consider whether a judgment in favor of the plaintiff would necessarily

imply the invalidity of his conviction or sentence. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Heck v. Humphrey,* 512 U. S. 477, 487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994); *Edwards v. Balisok,* 520 U. S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997).

In this case, the Plaintiff seeks not only money damages, but a declaration that the revocation of his sentences was invalid. The Magistrate Judge correctly concluded that the Plaintiff's claims challenge the validity of his continued confinement, and that a judgment in his favor would necessarily imply the invalidity of his continued confinement. Such a judgment is impermissible under *Heck* and *Edwards.* The sole federal mechanism by which the Plaintiff may challenge the calculation of the length of his sentence is by a writ of habeas corpus, after exhaustion of his state remedies. *See Anderson v. Bruce,* 28 Fed. Appx. 786 (10th Cir. 2001) (State prisoner's claim that corrections officials had miscalculated his prison term in violation of his constitutional rights was not cognizable under Section 1983; challenge to length of incarceration had to be brought via petition for writ of habeas corpus under Title 28 U. S. C. § 2241). Thus, the Court agrees with the Magistrate Judge's finding that the Plaintiff is not entitled to relief in this proceeding under Title 42 U. S. C. § 1983. The Magistrate Judge further concluded that the Plaintiff's Complaint should not be construed as seeking habeas corpus relief under Title 28 U. S. C. § 2241 because the Plaintiff had disavowed any intent to pursue habeas corpus relief, and because the Plaintiff had an unexhausted habeas corpus proceeding pending in state court.

Following the Magistrate Judge's report and recommendation, the Plaintiff has filed a series of pleadings creating some confusion as to whether he intends to pursue habeas corpus relief in this proceeding. First, the Plaintiff filed a pleading docketed by the Clerk as a "motion for

reconduction," which requested for the first time that his Complaint in this case be treated as one for habeas corpus relief.  In his Objection to the report and recommendation, the Plaintiff requested that the Court consider his Complaint as seeking, in the alternative, habeas corpus relief under Section 2241. (Objection to Report and Recommendation, p. 4, "If this court rule that my 1983 is not proper then it should be consider for a Habeas Corpus Relief.").  At the same time, the Plaintiff also filed a pleading entitled "Motion to Supplement the Record," alleging that he has exhausted his state habeas corpus proceedings, and arguing at great length that he is entitled to federal habeas corpus relief in the form of immediate release.

More recently, however, the Plaintiff filed a pleading styled "Motion to Stay the Writ of Habeas Corpus," stating that his habeas corpus petition had been filed in Comanche County District Court, and requesting that the "civil action" in this case "should continue as filed."  Then, on July 1, 2005, the Plaintiff filed two additional pleadings:  an Amended Complaint, which appears to seek relief only under Title 42 U. S. C. § 1983; and a Motion to Supplement the Record with Defendants, outlining the Plaintiff's claims and prayers for relief, clearly demonstrating his intent to seek relief

only under Section 1983.[2] In view of those more recent pleadings, the Court interprets the Plaintiff's Complaint as seeking relief solely under Section 1983.

For the reasons expressed by the Magistrate Judge, the Plaintiff is not entitled to relief under Title 42 U. S. C. § 1983. Further, the Plaintiff has made it clear in his most recent pleadings that he does not seek habeas corpus relief under Title 28 U. S. C. § 2241 in this proceeding. Accordingly, the Plaintiff's Complaint will be dismissed without prejudice for failure to state a claim under the principles established in *Heck v. Humphrey,* 512 U. S. 477 (1994) and *Edwards v. Balisok,* 520 U. S. 641 (1997).

The Plaintiff's pleading styled "Motion to Supplement the Record with Defendants" seeks to add certain individuals and state agencies as defendants in this case, alleging that they "took part in" his incarceration in violation of his rights. The Court construes this motion as a motion to amend the Complaint to add parties under Rule 15, Fed. R. Civ. Pro. Since the Plaintiff has not demonstrated that his conviction, or the revocation of his suspended sentences, have been invalidated, his proposed amendment would be futile. Accordingly, this motion will be denied. *See Ketchum v. Cruz,* 961 F. 2d 916, 920 (10th Cir. 1992); *Lewis v. Commerce Bank & Trust,* 333 F.

---

[2]The Motion to Supplement the Record with Defendants recites that the Plaintiff seeks:

> "1. A declaratory (sic) that the Defendants' acts, practices described herein, violated Plaintiffs' rights under the 4th, 7th, 6th, 14th and other Amendments to the United States Constitution.
>
> 2. Compensatory Damages in the amount of $1,500.00 a day from my original sentence expiration date up to the day I am release from prison. From the Department of Corrections and each Defendant.
>
> 3. Punitive Damages in the amount of 70,000,000.00.
>
> 4. A Jury Trial on all issues triable by Jury.
>
> 5. Such other, and further relief as this court deems proper and Equitable."

Supp. 2d 1019, 1020 (D. Kan. 2004) (Court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss). *See also Heck v. Humphrey, supra; Edwards v. Balisok, supra.*

The Plaintiff has filed in this proceeding a pleading styled "Writ of Mandamus" alleging that corrections officials have denied him the opportunity to make copies necessary for his appeal in Case Number CIV-02-1392-R. The Plaintiff's appeal in that case is currently pending before the United States Court of Appeals for the Tenth Circuit. Issues related to the record on copying of papers for that appeal should be addressed to the appellate court. The Plaintiff has not shown that mandamus relief should be granted in this proceeding, and the Court declines to exercise jurisdiction over the Plaintiff's motion for a writ of mandamus.

## Conclusion.

Because the Plaintiff has made it clear in his recent pleadings that he no longer wishes to pursue a claim for habeas corpus relief under Title 28 U. S. C. § 2241 in this proceeding, the Court treats his earlier motions requesting such relief as having been withdrawn. Accordingly, the Plaintiff's motion requesting a "special reconduction" (Document No. 12), and the Plaintiff's Motion to Supplement the Record (Document No. 13), both of which request that the Court consider granting habeas corpus relief, are hereby DENIED as moot.

The Court, having conducted a de novo review of the record, finds the Report and Recommendation of the United States Magistrate Judge should be, and it is hereby ADOPTED. The Plaintiff's Objection thereto is hereby OVERRULED. The Plaintiff's Complaint for relief under Title 42 U. S. C. § 1983 is hereby DISMISSED without prejudice for failure to state a claim.

The Plaintiff's Motion to Stay Writ of Habeas Corpus is hereby GRANTED. The Plaintiff's Motion to Supplement the Record with Defendants, which the Court interprets as a motion to amend the Plaintiff's Section 1983 Complaint to include additional Defendants, is hereby DENIED.

**IT IS SO ORDERED this 19th day of July, 2005.**

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE